By the court,
Wood, J.
Two questions are made in this case. 1. Is the fraud set up in the bill of the kind required to impeach a decree ; and if so, is it sufficiently set forth? 2. Can a decree be impeached for fraud after the lapse of more than twenty-five years ?
The first proposition, in .our view, is of no importance in deciding this case, because the second is decisive of it. It is, however, a rule ^applicable as well to decrees in equity as to judgments at law, that when a bill is filed to impeach either on the ground of fraud, the particular and pricise circumstances which constitute the fraud must be stated : the acts done, or the words spoken which constitute the fraud must be set forth. Expressio falsi vel suppressso veri, or some fault, design, or wicked and evil intention, must be clearly set out in the bill, to which the defendant is called to answer : it will not do to impute mere laches to impeach a solemn adjudication of a court of justice. 4 Ohio, 492 ; Coop. Eq. 217 ; 1 Johns. Ch. 194. The only charge in this bill is, that Baker’s heirs, in their suit against Campbell and others to quiet their title, did not set out a collateral writing given to Richard Campbell, showing his deed intended as a mortgage, without charging their knowledge that such writing was within their control. If such writing existed, it was matter of defence, and should have come from the other side.
2. The decree sought to be impeached was rendered more than twenty-five years since, and the long acquiescence of the complainants, and the too obvious staleness of the claim, should not call into activity the energies of a court of equity for its relief. Lord Camden, in Smith v. Clay, 3 Brown Ch. 640, said a court of equity is never active to relieve, when a party has slept on his rights, and acquiesced for a great length of time. Where reasonable diligence is wanting, this court is passive and does nothing. Laches and negligence are always discountenanced, and therefore from the beginning there was always a *179 limitation to suits in this court. Lord North, in Fitler v. Lord Macclesfield, declared, that though there was no limitation to a bill of review, yet after twenty-two years he would not review a decree; that interest reipublicce, ut sit finis litium, was a maxim that had always prevailed in equity, without an act of parliament. A court of equity is governed by the circumstances of the case before it. 2 Story Eq. 739. We think the circumstances disclosed in this case, require of us ■to sustain the demurrer to the bill.
Bill dismissed.